UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TLF CBRL LLC and THE LION FUND II, L.P.,

                            Plaintiffs,                        20 cv. 2367 (PKC)

        -against-

                                                ORDER
SOCIETE GENERALE,
                         Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case. It falls upon the court to raise issues of subject matter jurisdiction sua sponte.

        Section 1332(a)(1) provides that "[t]he district courts shall have original juris-

diction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §

1332(a). An action premised upon diversity of citizenship in which a limited liability company

or a limited partnership is a party must allege the citizenship of natural persons who are mem-

bers of the limited liability company and limited partnership and the place of incorporation and

principal place of business of any corporate entities that are members of the limited liability

company and limited partnership. See Handelsman v. Bedford Village Associates Ltd. Partner-

ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th

Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of di-

versity jurisdiction, a limited liability company has the citizenship of each of its members.");

Rule 8(a), Fed. R. Civ. P.

        "The rule of complete diversity—that no plaintiff and no defendant may be a

citizen of the same state—applies to alienage cases as well as to ordinary diversity cases." F. &

H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co., 882 F.2d 281, 284 (7th

Cir. 1989) (citing Newman–Green, Inc. v. Alfonzo–Larrain, 109 S. Ct. 2218, 2221 (1989)).

-2-

And, "the presence of aliens on two sides of a case destroys diversity jurisdiction," just like the presence of two citizens of the same state. Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980). A permanent resident alien domiciled in a state is not a citizen of that state. Tagger v. Strauss Grp. Ltd., No. 18-3189, 2020 WL 933300 (2d Cir. Feb. 27, 2020)

The Complaint alleges that defendant Societe General is a citizen of France. If one of the members of the plaintiff LLC or the plaintiff LP is a foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction. See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("diversity is lacking within the meaning of [28 U.S.C. § 1332(a)(2) and (a)(3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

By March 20, 2020, plaintiffs may amend their complaint to set forth the citizenship of the members of the LLC and LP.

Because subject matter jurisdiction has not been demonstrated and because the Court has serious doubt whether reputational harm from a margin call that results in the sale of a position in excess of 5% of the common stock of an issuer, coupled with adverse tax consequences, is an injury not compensable by money damages, the Court declines to enter the proposed temporary restraining order. There has been no showing that the shares could not be repurchased in the open market and defendant held accountable for any resulting loss.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:      New York, New York
           March 17, 2020