# SMITH | VILLAZOR

Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.smithvillazor.com

T 212 582 4400
F 347 338 2532

March 19, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*Application granted provided redacted versions are filed within 5 days. SO ORDERED. 3-19-20 [signature] USDJ*

Re: *TLF CBRL LLC, et al. v. Société Générale*, Case No. 1:20-cv-02367-PKC

Dear Judge Castel:

We represent Plaintiffs in the above-referenced matter and write to inform the Court that the parties resolved the dispute, which necessitated Plaintiffs' application for an Order to Show Cause and Temporary Restraining Order on March 17 ("TRO Application"). In view of this development, Plaintiffs have agreed to voluntarily dismiss the case with prejudice, and the parties have consented to seal the filings made in connection with the TRO Application. We are filing contemporaneously a notice of dismissal, which reflects that defendant Societe Generale has consented to sealing. Because of the urgency of seeking an Order to Show Cause to prevent what in our view was imminent irreparable harm, Plaintiffs were unable to obtain a pre-filing order permitting filing under seal. Accordingly, pursuant to Rule 5(B) of Your Honor's Individual Practices, Plaintiffs request that the Court seal the Complaint (ECF No. 1) and the accompanying papers and exhibits submitted in connection with Plaintiffs' TRO Application.

Sealing the Complaint and accompanying documents is appropriate here because the Complaint, the supporting papers, and the accompanying exhibits contain confidential business information that could harm Plaintiffs' competitive standing. *Avocent Redmond Corp. v. Raritan Am., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (approving sealing of documents "because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"). In particular, the Complaint, the supporting papers, and the exhibits include confidential business information regarding Plaintiffs' loan amount and interest thereto, key information about the terms of the loan, and the timing and amount of certain payments made in connection with the loan.

This is "specific business information" that "provide[s] valuable insights into [Plaintiffs] current business practices that a competitor [could] seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). And because this matter involves a dispute between private parties—which has now been resolved—the scale tips decidedly in favor of sealing the Complaint and accompanying exhibits as well as the papers submitted in connection with the TRO Application. *United States. v. Amodeo*, 71 F.3d 1044,

1051 (2d Cir.1995) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

Plaintiffs—with consent of defendant—respectfully request permission to file the following documents under seal, which were submitted to the Court in connection with Plaintiffs' TRO Application:

1. Complaint;
2. Memorandum of Law in Support of Plaintiffs' Application for a Preliminary Injunction and Temporary Restraining Order; and
3. Declaration of Bruce Lewis and exhibits A and B thereto.

We are available should the Court have any questions.

Respectfully submitted,

*s/ Patrick J. Smith*

Patrick J. Smith
